IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO PITTMAN, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 22 C 1433 |
| | ) Judge Ronald A. Guzmán |
| UNITED STATES POSTAL SERVICE & LOUIS DEJOY, in his official capacity as Postmaster General, | ) |
| Defendants. | ) |

## ORDER

The motion to dismiss filed by Defendants United States Postal Service and Postmaster General Louis DeJoy [13] is granted. Plaintiff's amended complaint [4] is dismissed without prejudice, except that Counts I and II, which invoke 42 U.S.C. §§ 1981, 1983, and 2000a, are dismissed with prejudice only as to a renewal of claims against Defendants under those statutes. Plaintiff may, by 2/23/2023, file a second amended complaint. If Plaintiff does not file a second amended complaint by that date, the Court will dismiss the case without prejudice. Finally, mail addressed to Plaintiff at the address he provided has been returned to this Court with notations "ANK" and "not deliverable as addressed." [35] Accordingly, by 2/23/2023, Plaintiff must provide a reliable means for the Court to timely contact him, such as an email address or a different street address. To do so, Plaintiff should file a revised appearance form for pro se litigants. As Plaintiff has been warned, this case may be dismissed for his failure to follow Court orders or failure to prosecute if he does not appear at Court hearings or comply with Court orders or deadlines as directed.

## STATEMENT

Plaintiff Ricardo Pittman, Jr., pro se, brings this case invoking 42 U.S.C. §§ 1981, 1983, and 2000a, regarding incidents that happened at his local post office. Just over two weeks later, before Defendants appeared and before any substantive screening of the complaint, Plaintiff submitted an amended complaint, which remains operative. (ECF No. 4, Am. Compl.) It is not a model of clarity, with large portions seemingly lifted verbatim from a police report written from the perspective of a police officer,[1] but the Court understands Plaintiff to allege that, on or about March 6, 2019, United States Postal Service (USPS) employee Temeka Lewis "discriminated by placing plaintiff in a false light" in a police report about Plaintiff at the Evergreen Post Office. (*Id*.

---

[1] Plaintiff submitted a second amended complaint [5] without leave of court that includes copies of the relevant police reports; the Court struck the second amended complaint for noncompliance with Federal Rule of Civil Procedure 15(a)(1) [6].

¶ 16.) Lewis told the responding officer that Plaintiff frequently complains to USPS personnel and bothers other customers, disrupting the flow of business. (*Id*. ¶ 21.) That day, he had made an extended complaint about a certified letter receipt for mail he had sent to the Postmaster General, Louis DeJoy (the "Postmaster General"). (*Id*. ¶¶ 17-21.) Lewis told the police officer (who informed Plaintiff) that going forward Plaintiff was free to access his post office box in the foyer of the building but was no longer permitted into the main office or receiving area, or Lewis would pursue trespassing complaints. (*Id*. ¶¶ 22-23.) Plaintiff acknowledged the warning but stated that he was the one being harassed by postal employees; he then left. (*Id*. ¶ 24.) Plaintiff's continued complaints to USPS personnel, including Sandra Ferguson and the Postmaster General, about the Evergreen Park Post Office did not yield results. (*Id*. ¶¶ 24, 26.) On January 27, 2020, Plaintiff called the police to complain that he "ha[d] been having ongoing issues with the Evergreen Park Post Office, . . . where he was given a no trespass warning in March 2019 (See IR #19-00995 for further [sic])." (*Id*. ¶¶ 24-25.) He also references being subjected to a "time limit," about which he provides no details. (*Id*. ¶ 42.)

Plaintiff characterizes these actions as infringement of his Fourteenth Amendment due process rights in violation of 42 U.S.C. § 1983 (Count I); a denial of the use of the post office "because of plaintiff's race (Black)" in violation of § 1983 (Count II); and intentional infliction of emotional distress (IIED) under Illinois law (Count III). Plaintiff also references violations of 42 U.S.C. §§ 1981 and 2000a-2. (*Id*. ¶¶ 36, 38, 39.) He seeks injunctive and declaratory relief and monetary damages against the USPS, Lewis in her individual capacity, and the Postmaster General in his official capacity.

1. <u>Procedural Background</u>

Counsel appeared for the Postmaster General in his official capacity and the United States Postal Service. (*See* ECF No. 13, Defs.' Mot. Dismiss.) Counsel did not appear for Lewis. Plaintiff had purported to serve Lewis through a certified mailing (ECF No. 16 at 11-16; ECF No. 24, Pl. Resp. Opp'n Defs.' 12(b)(1) or 12(b)(6) Mot. Dismiss Pl. Am. Compl., at 3), but, as counsel for the United States Postal Service pointed out (ECF No. 13 at 1 n.1), a certified mailing to a federal employee does not comply with the rule for serving a federal employee sued in her individual capacity. *See* Fed. R. Civ. P. 4(i) ("To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."). The Court accordingly dismissed Lewis without prejudice. (ECF No. 14, Minute Entry of Aug. 12, 2022.) Plaintiff continues to argue that he properly served Lewis, but he merely reattaches the postal receipt for certified mail sent to Lewis (ECF No. 24, Pl. Resp. Opp'n Mot. Dismiss, at 2-3), which, as the Court has explained, is insufficient to demonstrate service on Lewis in her individual capacity. To the extent that Plaintiff seeks Lewis's reinstatement as a party, the request is denied.

2. <u>Defendants' Motion to Dismiss</u>

The remaining Defendants ("Defendants"), the USPS and the Postmaster General in his official capacity, have moved to dismiss the amended complaint under Federal Rules of Civil

2

Procedure 12(b)(1) and 12(b)(6) (ECF No. 13, Mot. Dismiss), and Plaintiff has responded (ECF No. 24, Pl.'s Resp. Opp'n Defs.' Mot. Dismiss; ECF No. 25, Pl.'s Resp. Mem. Opp'n Defs.' Mot. Dismiss.) A motion to dismiss under Rule 12(b)(1) is premised on a failing in the Court's subject-matter jurisdiction, while a motion under Rule 12(b)(6) contends that the complaint fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). Courts also " have an independent obligation to determine whether subject-matter jurisdiction exists," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), and may sua sponte dismiss a flawed lawsuit. *See Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988, at *2 (7th Cir. Oct. 26, 2021) ("'District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously . . . even when the plaintiff has paid all fees for filing and service.'") (quoting *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)).

    a.    <u>Counts I and II</u>

Defendants first argue that Counts I and II should be dismissed under Rule 12(b)(6) on the ground that the federal government has not waived its sovereign immunity as to 42 U.S.C. §§ 1981, 1983, and 2000a, under which Plaintiff seeks to bring claims. The Court understands Plaintiff to respond that the Court has jurisdiction over such claims under 28 U.S.C. §§ 1331, 1343(3), and 1343(4); he also includes a lengthy recitation of the standard for ruling on a motion under Rule 12(b)(6), which ultimately is not pertinent to the Court's review. (ECF No. 25 at 1-2.)

Defendants point out that "[t]he United States, as sovereign, is immune from suits save as it consents to be sued." *United States v. Sherman*, 312 U.S. 584, 586 (1941). That is so, but the Court does not reach sovereign immunity because §§ 1981 and 1983 apply only to state actions, not actions of federal employees. *See, e.g., Davis v. U.S. Dep't of Just.*, 204 F.3d 723, 725-26 (7th Cir. 2000) (explaining that the court "need not decide" the sovereign immunity issue" where the statute "by its language . . . does not apply" because "subsection (c) of § 1981 states that '[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment *under color of State law*[,]" and does not reach conduct "under federal law") (emphasis in original); *Sisk v. United States*, 756 F.2d 497, 500 (7th Cir. 1985) ("Since federal agents do not act under color of *state* law, federal civil rights acts cannot normally be invoked to remedy their misconduct.") (citations omitted); *Torrence v. U.S. Bankr. Ct. for N. Dist. of Ill.*, No. 17 C 3120, 2017 WL 3593116, at *4 (N.D. Ill. Aug. 21, 2017) (similar under § 1983); *Seber v. Unger*, 881 F. Supp. 323, 327 (N.D. Ill. 1995) (similar). Section 2000a also provides no mechanism for Plaintiff to seek relief on these facts. *See* 42 U.S.C. § 2000a(b) (defining places of public accommodation); *Hervey v. United States*, No. 19-4033-SAC-ADM, 2019 WL 11690495, at *3 (D. Kan. Oct. 30, 2019) ("Like Title II [§ 2000a], the provisions of Title VI do not waive sovereign immunity or provide grounds for liability against the United States."). Accordingly, Plaintiff does not state claims for violations of §§ 1981, 1983 and 2000a on the facts alleged.

Plaintiffs' invocation of 28 U.S.C. §§ 1331 and 1343 does not overcome that conclusion. "[T]he general grant of federal question jurisdiction contained in § 1331, without a federal cause of action, is not enough." *Int'l Union of Operating Eng'rs, Loc. 150 v. Ward*, 563 F.3d 276, 281-82 (7th Cir. 2009) (citing *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 456 (1974)). "[W]hen the basis of the action is a federal statute, a federal cause of action

3

must exist as well for a federal court to hear a given claim." *Id*. Section 1343 also does not by its terms create a federal cause of action but grants to the district courts "original jurisdiction" over identified claims for damages or redress. 28 U.S.C. § 1343. Plaintiff's intended claims under §§ 1981, 1983 and 2000a are dismissed with prejudice because they fail to state a claim on which the Court may grant relief, and it appears that amendment would not cure the defects as to Defendants on the facts alleged.[2]

      b.      <u>Count III</u>

Defendants seek dismissal of the remaining claim, Count III, a state-law IIED claim, under Rules 12(b)(1) and 12(b)(6). They argue that the federal government has waived its immunity for certain tort claims (Plaintiff's IIED claim is a tort claim) only if brought under the Federal Torts Claim Act (FTCA) against the United States itself. Defendants note that Plaintiff did not name the United States as a Defendant or invoke the FTCA, and they also argue that he did not exhaust administrative remedies before filing this lawsuit, as the FTCA requires. Plaintiff suggests that he might be able to proceed with his intended IIED claim under the FTCA; he does not address exhaustion of administrative remedies for an FTCA claim. (ECF No. 25 at 7-10.)

The FTCA provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and includes a limited waiver of federal sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The waiver, though, does "not apply to" "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" or "[a]ny claim arising out of . . . abuse of process, libel, slander, misrepresentation, [or] deceit," among others. 28 U.S.C. § 2680(a), (h). The FTCA thus permits limited claims against the United States, and another statute grants individual federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties. *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). In sum, only non-excepted tort claims are permitted, and the only proper Defendant for those claims is the United States.

The FTCA also requires pre-lawsuit exhaustion of administrative remedies. *See* 28 U.S.C. § 2675(a); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (explaining exhaustion

---

[2] The Court also notes that Plaintiff's allegations regarding Lewis reporting him for bothering customers and disrupting USPS business do not plausibly suggest illegal discrimination on the basis of his race. *See Stanley v. U.S. Postal Serv.*, No. 1:21-cv-00057-JAW, 2021 WL 2493389, at *2 (D. Me. June 18, 2021) (explaining that, even if Americans with Disabilities Act otherwise encompassed the plaintiff's claims, his alleged "ban from the post office following a verbal altercation with USPS staff" did not indicate a discriminatory denial of service). Defendants indicate in a footnote that the "motion is *not* brought on behalf of . . . defendant Temeka Lewis" in her individual capacity. They nevertheless briefly assess the potential viability of certain claims against Lewis in her individual capacity. Given that this terse footnoted argument is provided in hypothetical form for a dismissed party that Defendant's counsel does not purport to represent, the Court declines to further address it.

requirement) (citations omitted). This means that a plaintiff may not bring an FTCA claim against the United States "unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim." *Palay*, 349 F.3d at 425; *see also* 28 U.S.C. § 2675(a). "A claim has been presented to a federal agency once the plaintiff submits 'an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for damages in a sum certain.'" *Chronis v. United States*, 932 F.3d 544, 546-47 (7th Cir. 2019) (citing 28 C.F.R. § 14.2(a); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997)). "A plaintiff's failure to exhaust administrative remedies before he brings suit mandates dismissal of the claim." *Palay*, 349 F.3d at 425 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

The Court first addresses whether there is a failing in its subject-matter jurisdiction under Rule 12(b)(1). A failure to exhaust administrative remedies does not, as Defendants argue, warrant dismissal under Rule 12(b)(1)[3]; the Court will instead address this issue within the Rule 12(b)(6) analysis below. The Court, though, raises a potentially dispositive flaw in the only remaining federal claim in Count III. Plaintiff's claims hinge upon the effects of Lewis's allegedly untrue complaints that placed him in a "false light"; such allegations place his claims outside the sovereign immunity waiver in the FTCA. *See* 28 U.S.C. § 2680(h) (excepting claims rooted in defamation, libel, or misrepresentation); *Stanley*, 2021 WL 2493389, at *2 (discussing claims regarding post office ban after altercation with USPS staff); *Andreou v. United States*, No. CV416-314, 2017 WL 384699, at *3 (S.D. Ga. Jan. 6, 2017) (recommending dismissal of claims of defamation, "false information," and "emotional distress arising from the 'defamation of his character' and 'humiliation'" relating to a post office ban and threats of future arrest), *R. & R. adopted,* 2017 WL 382237 (S.D. Ga. Jan. 26, 2017). Count III is dismissed without prejudice on this ground.

For completeness, the Court also addresses Defendants' arguments under Rule 12(b)(6), but the Court's review of the allegations in the amended complaint does not indicate conclusively that Plaintiff did not exhaust administrative remedies. It is, after all, unclear in what manner he sought relief from postal employees after the events of which he complains.

Because the allegations of Count III do not fall within the sovereign immunity waiver of the FTCA, the Court dismisses Count III without prejudice and with leave to amend one final time.

In deciding whether to submit a second amended complaint and what to include, Plaintiff should carefully consider the following. First, Plaintiff need only present a brief statement of the pertinent facts in chronological order and from his own point of view. Second, it does not appear that Plaintiff can cure the deficiencies as to claims under §§ 1981, 1983, or 2000a against the United States or the Postmaster General, so he should not include those claims in an amended

---

[3] Defendants represent that the Court may, in conjunction with a Rule 12(b)(1) analysis, consider the attached affidavit of Kimberly A. Herbst, a Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center, St. Louis General Law Office. Because Defendant's exhaustion argument, though, is not properly raised under Rule 12(b)(1), *see Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) ("[O]ur court no longer treats § 2675 as a jurisdictional prerequisite."), the Court declines to convert Defendant's motion to a motion for summary judgment and does not consider the proffered affidavit.

complaint. Third, as the Court has explained, Lewis has been dismissed without prejudice due to Plaintiff's failure to serve her as provided within Federal Rule of Civil Procedure 4(i). Fourth, an FTCA claim (which can be brought against the United States only) is subject to dismissal before trial if it falls within the exceptions to the sovereign immunity waiver listed in § 2680 or if Plaintiff did not, before he filed this lawsuit, exhaust administrative remedies by presenting and pursuing through completion with the USPS a written claim notifying it of the incident, with a claim for damages in a sum certain as described above.

## CONCLUSION

Counts I and II are dismissed with prejudice as stated above. Count III is dismissed without prejudice. Plaintiff may, by the date set forth above, submit a second amended complaint. If he fails to do so, the case will be dismissed without prejudice.

**DATE:** February 21, 2023

**Hon. Ronald A. Guzmán**
**United States District Judge**